535 P.2d 24

**WILSON GRAIN OF LUBBOCK, INC., a corporation, Appellant,**

v.

**A. Winfield MILLS and Irene B. Mills, husband and wife, Marcellus R. Rix and Leona R. Rix, husband and wife, Appellees.**

**No. 2 CA–CIV 1809.**

Court of Appeals of Arizona, Division 2.

May 15, 1975.

Rehearing Denied June 17, 1975.

Review Denied Sept. 18, 1975.

James D. Whitney, and Donald L. Estes, Tucson, for appellant.

Anderson, Welker & Williams by Dudley S. Welker and Jack M. Williams, Safford, for appellees.

## OPINION

HOWARD, Chief Judge.

The only question we need answer in this appeal, as framed by appellant, is: "Was the ten (10) day period set forth in the Notice of Election and Declaration of Forfeiture . . . a 'reasonable time' granted to the plaintiff?"

On February 17, 1965, appellees contracted to sell a parcel of real estate to Robert and Jake Wilson and W. S. Laing, Jr. The buyers' interest was subsequently assigned to appellant. The parties mutually agreed that the total purchase price would be $62,400.00 to be paid as follows: $18,096.00 upon execution of the contract; $4,430.40 plus six percent per annum interest on the unpaid balance on February 1, 1966; and "the same amount plus interest as aforesaid on the same day of each year thereafter until the entire unpaid balance, both principal and interest, has been paid in full."

With the exception of the payment made upon execution of the contract, appellant never made a timely payment. The payment due on February 1, 1966, was paid in full on March 10, 1966. The payment due on February 1, 1967, was paid on August 14, 1967, and January 16, 1968. On January 23, 1968, appellees notified appellant that. another payment was due on February 1, 1968 and that partial payment was not acceptable. No payment was received. On June 24, 1968, approximately 145 days aft-

er payment was due, appellees deposited with the escrow agent a notice of election and declaration of forfeiture declaring that, unless within ten days appellant eliminated all defaults, all its rights under the contract would be forfeited. On July 8, a cashier's check for $6,541.99, mailed by appellant the day before, was received by the escrow agent and returned to appellant with a letter explaining that the grace period had expired.

Appellant filed suit for specific performance of the contract. Judgment was entered against it, and this appeal was taken.

Appellant claims that the ten-day period was unreasonable because (1) the statutory grace period of A.R.S. § 33–741, which was incorporated into the contract, "never commenced under Phoenix Title and Trust v. Horwath, 41 Ariz. 417, 19 P.2d 82 (1933) because of the failure to set a specific time for compliance and (2) the ten (10) day period was unreasonable as a matter of law . . . ." Neither claim is meritorious. Appellant misinterprets *Phoenix Title and Trust.* It reads the case to require notice to a vendee before the vendee may be regarded as having defaulted. Yet, *Phoenix Title and Trust* requires nothing of the sort. It holds that before a contract may be terminated notice of the election of a forfeiture must be given. If appellant were correct, in *Phoenix Title and Trust,* the contract could not have been terminated until thirty days after the letter terminating the contract was mailed plus the ten days provided for in the letter. Rather the Supreme Court specifically held that termination was possible "thirty days after a *default,*" Id. 41 Ariz. at 429, 19 P. 2d 82 [Emphasis added] plus the ten days in the letter.

Appellees, in their letter of January 23, 1968, did notify appellant of a specific time for compliance. Assuming arguendo that time was not made of the essence in the contract, appellant was in default within a reasonable time after February 1, 1968. After that reasonable time period, the statutory grace period began to run. A rea-

sonable time for performance being approximately 25 days and the statutory grace period being 120 days, appellees' declaration of forfeiture was timely. Nor was the 10-day period of the declaration unreasonable as a matter of law, as was held in Major-Blakeney Corp. v. Jenkins, 121 Cal.App.2d 325, 263 P.2d 655 (1953). Cf. Tolmachoff v. Eshbaugh, 41 Ariz. 318, 18 P.2d 256 (1933); Doering v. Fields, 187 Md. 484, 50 A.2d 553 (1947).

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.