**In re Michael David SIMPSON, Mary Georgette Simpson, Debtors.**

**Michael David SIMPSON, Mary Georgette Simpson, Plaintiffs,**

v.

**Russell S. MAYERS, Defendant.**

**Bankruptcy No. 80–0080.**

United States Bankruptcy Court, D. Arizona.

Oct. 22, 1980.

Fred A. Farsjo, Tucson, Ariz., for plaintiffs.

Michael D. Bartz, Tucson, Ariz., for defendant.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Debtor–plaintiffs filed this action to determine rights of the defendant–seller in the real property described in their complaint. The matter was submitted to the Court by stipulation of certain facts and argument both oral and written. The plaintiffs, as purchasers, entered into a contract for the sale of real property herein with the defendant–seller on March 5, 1979. A cash downpayment was made by the plaintiffs, and four monthly payments were made under the contract. No payments have been made on the contract after Au-

gust 4, 1979. A Notice of Default dated December 18, 1979, was mailed by an escrow agent upon the order of the defendant, and received by plaintiffs on December 26, 1979. This notice states that the defendant–seller would not accept payments under the contract unless the payments constituted payment–in–full of all sums due as of the date the payments were made. It also reinstated "time is made the essence of the agreement", and gave a 10–day period for such reinstatement. No payments were made by the plaintiffs and the seller–defendant caused a Declaration of Forfeiture to be sent to the plaintiffs dated March 4, 1980, and received on March 13. This declaration stated the amounts which the plaintiffs were in default, and gave them ten (10) days to correct the default. It also stated that forfeiture will become effective on the expiration of ten (10) days from the date of the notice.

The petition in bankruptcy and for an order of relief was filed by the plaintiffs on March 27, 1980. On April 15, 1980, the escrow agent caused an Affidavit of Completion of Forfeiture to be recorded in the Pima County Recorders Office.

The key issue for determination by this Court is: when did the 30–day grace period as provided for by A.R.S. § 33–741 (1956) commence to run. The parties stipulated that less than twenty per cent of the purchase price due under the contract had been paid, and that the giving of the 30–day grace period required under this statute was applicable.

The respective counsel for each of the parties made excellent arguments on behalf of his clients on this issue. There are a number of Arizona cases on the question of "when does the grace period commence to run", and all agree that it commences to run from the date of default. See *Sturm v. Heim*, 95 Ariz. 300, 389 P.2d 702 (1964); *Glad–Tidings Church of America v. Hinkley*, 71 Ariz. 306, 226 P.2d 1016 (1951); *Trevillion v. Lee*, 111 Ariz. 229, 527 P.2d 100 (1974). The Contract for Sale of the real property dated March 4, 1974, pro-

vided for strict forfeiture of the contract or a contractual forfeiture (see Exhibit A attached to the Stipulated Facts dated September 12, 1980). Plaintiffs' counsel argues that the first paragraph of the Strict Forfeiture Clause provides that upon default on the part of the buyer, an election by the seller to rescind that forfeiture may be enforced only after the expiration of the grace period provided for by A.R.S. § 33–741, and that this provision is inconsistent with paragraph 2 of the Strict Forfeiture Clause. This second paragraph provides that the seller shall give notice of the election, i. e., to forfeit, by the escrow agent delivering a written Declaration of Forfeiture directed to the buyer. Paragraph 3, then provides that if the buyer fails to pay the sums due under the contract, including the escrow agent's fee, before the expiration of ten (10) days, that the escrow agent is authorized to file an Affidavit of Completion of Forfeiture which shall be binding on the parties. This Court believes that the notice dated December 18, 1979 (Exhibit C attached to the Stipulation of Facts), was a reinstatement of "time is made the essence of the said agreement clause." This notice was given under the authority, *Kammert Brothers Enterprises, Inc. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 428 P.2d 678 (1967). This case stands for a well known principle of law under the Arizona cases that once strict performance of a contract of the right to timely payments has been waived by a seller, a clear and definite notice to a buyer followed by allowance of reasonable time to bring the payments up–to–date is necessary in order to reinstate the forfeiture clause of the contract. This notice was received by the plaintiffs on December 26, 1979. This Court finds that the 10–day period is a reasonable time to reinstate "time is made the essence clause" of the contract and that the contract was in default on the eleventh day following December 18, 1979, or the eleventh day following the date of receipt of the notice, December 26, 1979. The Arizona Court of Appeals has held that the 10–day period is reasonable in *Wilson Grain of Lubbock, Inc. v. Mills*, 23 Ariz.App. 604, 535 P.2d 24 (1975). This means that the "time is of the essence clause" of the contract was reinstated on January 6, 1980, and it was in default on this date. The 30–day grace period commenced running on this date and expired on February 6, 1980. There is no ambiguity between the paragraphs of the contractual or strict forfeiture provision of the sales agreement if one uses the foregoing reasoning.

Thereafter the seller–defendant, on March 4, caused a Declaration of Forfeiture to be sent to the plaintiffs, which was received by them on March 13. The 10–day period which was not required to be given by the defendant by the statute does meet the requirement of the strict forfeiture clause of the contract. The third paragraph provides that if the buyer fails to pay all sums due under the contract, including the escrow fee, before the expiration of ten (10) days from the date the Declaration was deposited in the United States Mail, the escrow agent is authorized to deliver all documents and moneys deposited in escrow to the seller–defendant and file an Affidavit of Completion of Forfeiture. This Court finds that this 10–day period was terminated on March 23, 1980. Plaintiff–buyer did not tender the delinquent payments to defendant at any time since the original notice was received by them.

■ The Arizona Supreme Court has held that a buyer under a conditional contract of sale who desires to resist a forfeiture declared by the seller must show that he was ready, able and willing to perform his part of the contract. See *Phoenix Title & Trust Co. v. Horwath*, 41 Ariz. 417, 19 P.2d 82 (1933). There is no evidence before the Court that the buyers at any time from December 18, 1979, were prepared to meet this burden.

■ Plaintiff's counsel argues that the Affidavit of Completion of Forfeiture was filed subsequent to the date of filing the petition for relief under Chapter 13 of the Bankruptcy Code. It was filed on April 15, 1980, and the petition for relief was filed in the Bankruptcy Court on March 27, 1980. The Arizona Supreme Court, in *Trevillion v.*

**44**

*Lee, supra,* held that the failure to record or deliver to the seller a quit claim deed deposited with the escrow agent does not affect the validity of the forfeiture of the buyers' interest. This Court believes and finds that the failure to record the Declaration of the Affidavit of Termination of Forfeiture before the filing of the Petition in Bankruptcy does not affect the validity of the forfeiture of the plaintiffs' interest. The recording of this affidavit after the filing of the Petition in Bankruptcy does not violate the automatic stay as it was done by the defendant after the forfeiture was completed prior to the filing of the Petition in Bankruptcy.

For the foregoing reasons, this Court finds that the forfeiture of buyers' interest in the contract for sale of real property was completed prior to the filing of the petition for an order for relief by the plaintiffs. Defendant's counsel IS ORDERED to prepare and file within ten (10) days from date an appropriate form of judgment.