**In re Marian KACZMARCZYK and Christine Kaczmarczyk, Debtors.**

**Bankruptcy No. B–85–991 PHX LO.**

United States Bankruptcy Court, D. Arizona.

Nov. 7, 1985.

John P. Moran, Phoenix, Ariz., for plaintiffs/Johnsons.

Michael W. Carmel, Lee, Theisen & Eagle, Phoenix, Ariz., for debtors.

## MEMORANDUM OF DECISION

LAWRENCE OLLASON, Bankruptcy Judge.

This matter came to be heard on a motion filed by the plaintiffs, Paul and Leanna Johnson, for a court order requiring the Debtors and defendants in this matter, Marian and Christine Kaczmarczyk, to abandon real property. In response, the Debtors filed a motion requesting that the court deny the plaintiffs' motion.

From the records in this case, representations of counsel and concessions made in the Memoranda of Law filed, the facts are as follows:

### FACTS

The Debtors, as purchasers, executed a Promissory Note for the sale of real property herein with the plaintiffs on April 2, 1979. A Deed of Trust was recorded on the property in question with the plaintiffs as the beneficiaries. The Debtors ceased making payments on the note in December of 1984. Pursuant to the Deed of Trust and state law, the plaintiffs and the account servicing agent, Pioneer Trust, mailed a Notice of Election to Forfeit to the Debtors on or about March 21, 1985. This notice set the forfeiture date for April 10, 1985 at 5:00 P.M. The Debtors filed their Chapter 11 petition on April 11, 1985.

The record before the court indicates that the Notice of Election to Forfeit was recorded in the Maricopa County records on March 21, 1985. However, plaintiffs admit in their moving papers that the Affidavit of Completion of Forfeiture was not recorded before the Debtors filed their bankruptcy petition and has not been recorded to date. The record further indicates that the property in question is income producing property in the form of an apartment complex.

In support of their motion to abandon, plaintiffs argue that the Debtors' failure to reinstate the contract before the forfeiture date, April 10, 1985, resulted in the Debtors' loss of any legal or equitable interest in the property. The Debtors argue that the failure of the plaintiffs to file the Affidavit of Completion of Forfeiture resulted in the real property in question becoming property of the bankruptcy estate at the time the petition was filed pursuant to 11 U.S.C. 541(a)(1).

### ANALYSIS

The question presented for decision is whether the filing of the bankruptcy petition before the Affidavit of Completion of Forfeiture has been recorded results in the real property becoming property of the bankruptcy estate.

In 1981, the Arizona legislature revised its statutes concerning the forfeiture and reinstatement of the purchaser's interest under a real estate purchase contract. The former forfeiture and redemption statutes did not provide for a notice of forfeiture date after a grace period or for an affidavit of completion of forfeiture to be filed signifying that the forfeiture process has been completed. Former statutes A.R.S. 33–741 and 742 (1956) (Amended in 1981) simply provided that the purchaser loses his interest in the property at the end of the grace

period provided for in A.R.S. 33–741 (1956) (Amended in 1981).[1]

The Arizona statutes now provide for a three step process in the non-judicial forfeiture of a purchaser's interest in a real estate purchase agreement. A.R.S. 33–742 (1981) contains the first step and reads in part under subsection A that:

"If a purchaser is in default by failing to pay monies due under the contract, a seller may, after expiration of the applicable period stated in subsection D of this section and after serving the notice of election to forfeit stated in Section 33–743, complete the forfeiture of the purchaser's interest in the property in the manner provided by Section 33–744 or 33–745".[2]

The second step is contained in A.R.S. 33–743 (1981). This statute provides that if the purchaser under the contract defaults on his payments in the manner required by A.R.S. 33–742(D) (1981), the seller and the account servicing agent may record a Notice of Election to Forfeit and set a forfeiture date at least twenty days after the date of mailing the notice to the purchasers and any lien holders.[3]

A.R.S. 33–745 (1981) discusses the final step in the non-judicial forfeiture process. Subsection A provides in part that:

"If an account servicing agent has been appointed to hold documents and collect monies due under the contract and the agent has recorded and served the notice of election to forfeit, as provided in Sec-

---

1. A.R.S. 33–741 (1956) (Amended in 1981) provided that:

A. Forfeiture of the interest of a purchaser in default under a contract for conveyance of real property may be enforced only after expiration of the following periods after the default:
1. When the purchaser has paid less than twenty percent of the purchase price, thirty days.
2. When the purchaser has paid twenty percent, or more, but less than thirty percent of the purchase price, sixty days.
3. When the purchaser has paid thirty percent, or more, but less than fifty percent of the purchase price, one hundred and twenty days.
4. When the purchaser has paid fifty percent, or more, of the purchase price, nine months.
A.R.S. 33–742 (1956) (Amended in 1981) provided that:
A. A purchaser in default under a contract for the conveyance of real property may, at any time prior to expiration of the period, provided for in Section 33–741, avoid the forfeiture of his interest by complying with the terms of the contract up to the date of compliance.
B. A trustee with power of sale in a contract or trust for the conveyance of land, not executed to secure repayment of a loan of money, may sell and convey, without right of redemption, the property or any part thereof, described in the contract and in accordance with its terms at any time after default and after the period of time applying thereto as provided by Section 33–741.
As amended Laws 1971, Ch. 136, Sec. 6.

2. A.R.S. 33–742(A) (1981) provides:

A. If a purchaser is in default by failing to pay monies due under the contract, a seller may, after expiration of the applicable period

stated in subsection D of this section and after serving the notice of election to forfeit stated in Section 33–743, complete the forfeiture of the purchaser's interest in the property in the manner provided by Section 33–744 or 33–745. If the contract provides that the seller may elect to accelerate the principal balance due under the contract to the seller on the purchaser's failure to pay the monies due, the seller may accelerate the principal balance due to the seller at any time after the purchaser has failed to pay the monies due under the contract. The acceleration may occur before or after the expiration of the applicable period stated in subsection D of this section and without serving the notice of election to forfeit stated in Section 33–743. If the seller elects to accelerate the principal balance due to the seller, the seller may only foreclose the contract as a mortgage in the manner provided by Section 33–748. If a purchaser is in default under the contract for reasons other than failing to pay monies due under the contract, the seller may only foreclose the contract as a mortgage in the manner provided by Section 33–748.

3. A.R.S. 33–742(D) (1981) provides:

D. Forfeiture of the interest of a purchaser in the property for failure to pay monies due under the contract may be enforced only after the date such monies were due:
1. If there has been paid less than twenty percent of the purchase price, thirty days.
2. If there has been paid twenty percent, or more, but less than thirty percent of the purchase price, sixty days.
3. If there has been paid thirty percent, or more, but less than fifty percent of the purchase price, one hundred and twenty days.
4. If there has been paid fifty percent, or more, of the purchase price, nine months.

tion 33–743, the seller and account servicing agent may complete the forfeiture of the interest of the purchaser and persons having an interest in or a lien or encumbrance on the property, the priority of which is subordinate to that of the seller, by recordation of an affidavit of completion of forfeiture with the county recorder in which the real property is located".

Subsection B of A.R.S. 33–745 (1981) states that the recordation of an affidavit of completion of forfeiture terminates all the purchaser's rights in the property and serves as conclusive evidence that all the statutory requirements regarding forfeiture have been met.[4]

The case law in Arizona is based on the former forfeiture statutes. These cases must therefore be distinguished from the present statutes.

The Arizona Supreme Court in *Trevillian v. Lee*, 111 Ariz. 229, 231, 527 P.2d 100, 102 (1974) stated that "the manner in which the sellers could enforce a forfeiture was governed by the terms of the contract and the statutory provisions". In that case the buyer had 30 days pursuant to A.R.S. 33–741(A)(1) (1956) (Amended in 1981) after she had defaulted to bring her payments up to date otherwise forfeiture of her interest could be enforced. The seller completed the requirements for forfeiture under the contract and the court held that the forfeiture was complete even though the buyer had not recorded or delivered the quit claim deed deposited with the escrow agent.

The bankruptcy court in this district also had occasion to consider the former forfeiture statutes in Arizona. *In re Simpson*, 7 B.R. 41 (Bkrtcy.D.Ariz.1980). In *Simpson* the buyer defaulted on his payments and

the seller first had to reinstate the "time is made the essence" clause in the contract. After the clause was reinstated, the 30 day grace period pursuant to A.R.S. 33–741(A)(1) (1956) (Amended in 1981) was commenced. The buyer failed to reinstate the contract during the grace period and the seller initiated the forfeiture procedures provided for in the contract. It is important to note that under this statute the buyer's interest would be forfeited at the end of the grace period if there were no additional steps required for forfeiture in the contract. *Trevillion v. Lee, supra.*

The contract required that the seller send a declaration of forfeiture to the buyer which gave the buyer 10 days to pay all sums due under the contract. If the buyer fails to meet this requirement, the escrow agent may then file the affidavit of completion of forfeiture. In the *Simpson* case the seller sent the declaration of forfeiture notice to the buyer and the buyer failed to tender any sums due prior to the 10 day expiration period. However, before the escrow agent could file the affidavit of completion of forfeiture, the debtor filed his petition for bankruptcy. The debtor argued that he still held an interest in the property which transferred into the bankruptcy estate at the time the petition was filed. The bankruptcy court found that "the failure to record the Declaration of the Affidavit of Termination of Forfeiture before the filing of the petition in bankruptcy does not affect the validity of the forfeiture of the plaintiff's interest". *In re Simpson, supra,* at pg. 44.

Although the case at bar is similar to *Simpson*, the statutes regarding the forfei-

---

**4.** A.R.S. 33–745(B) (1981) provides:

B. Recordation of an affidavit of completion of forfeiture terminates without right of redemption all right, title and interest of the purchaser and all persons having an interest in or a lien or encumbrance on the property, the priority of which is subordinate to that of the seller, including the interest of any persons acquiring an interest in or a lien or encumbrance on the property subsequent to recordation of the notice of election to forfeit. On recordation of the

affidavit, the property reverts to the seller clear of all interests, liens and encumbrances, the priority of which was subordinate to that of the seller. The recordation of the affidavit of completion of forfeiture also raises the presumption of compliance with all requirements of this article and constitutes conclusive evidence of the meeting of the requirements in favor of purchasers or encumbrancers for value and without actual notice.

ture of a purchaser's interest have since been revised. As stated before, the statutes now provide a complete step by step process in achieving a forfeiture of an interest upon default. The first step is the commencing of the grace period upon the purchaser's default. A.R.S. 33–742 (1981). If the purchaser makes no payment during the grace period, then the seller may record a notice of election to forfeit and serve the purchaser with this document. A.R.S. 33–743 (1981). The third and final step is contained in A.R.S. 33–745(A) (1981) and provides that the

> "seller and account servicing agent may *complete* the forfeiture of the interest ... by recordation of an affidavit of completion of forfeiture..." (emphasis added).

A reading of these state statutes leaves the court with the distinct impression that the Arizona legislature intended the purchaser to have an interest in the property until the affidavit of completion of forfeiture is recorded.

In the instant case, the purchase agreement provided that upon default, the forfeiture of interest would be in the manner required under state law. The plaintiffs properly recorded and served the notice of election to forfeit on the debtors after the grace period for reinstatement had expired. The notice set the forfeiture date on April 10, 1985 and the debtors failed to reinstate the contract before that date. However, the plaintiffs never completed the final step in the forfeiture process as required by A.R.S. 33–745 (1981). The debtors filed their bankruptcy petition on April 11, 1985.

This court holds that pursuant to Arizona law the debtors had an interest in the property which became property of the bankruptcy estate pursuant to 11 U.S.C. 541(a)(1). For the reasons cited above, the plaintiff's motion to abandon is hereby denied.

This Memorandum of Decision constitutes the Findings of Fact and Conclusions of Law required by Bankruptcy Rule 7052.